Nott, J.,
delivered the opinion of the court:
This is an action brought to recover the proceeds of eight *237 bales of upland cotton, captured at Savannah, amounting- to $2,120 40. The court finds as matter of fact in this case—
First. In the year 1863 Daniel B. Fisher purchased eight bales of upland cotton, which were delivered into his possession, and were shipped by him to William H. Burroughs, at Savannah, by whom it was stored for the said claimant.
Second. The cotton remained in the possession of Burroughs, as the agent of the said claimant, till after the capture of the city of Savannah by the Union military authorities, in December, 1864.
Third. Burroughs reported the cotton in his own name to the military authorities, in pursuance of published orders. It was then seized and shipped to New York, where it was turned over to the United States cotton agent. The net proceeds have been paid into the Treasury of the United States, and amount to $1,402 64.
The point is made by the defendants’ counsel that, inasmuch as the cotton was procured in exchange for two negro men, and the transaction occurred in the fall of 1863, after the President’s proclamation of January 1, 1863, had been promulgated and was universally known throughout the South, therefore there was a want of a valid consideration, and no title passed to the vendee, the claimant. In the view we take of the case, it is unnecessary to consider the point.
The claimant has proved by numerous witnesses what they term his u loyal sentiments.” He has also shown that he sympathized with and aided United States prisoners; that in the opinion of the'se witnesses he was loyal to the United States; that so far as their knowledge extended he never gave aid or comfort to the rebellion; and that he was reputed to be a Union man.
But it appears from the claimant’s evidence that he led a wandering life during the period of the rebellion, having been at Manassas, Warrenton, Lynchburg, Savannah, and Americus, besides trading in Florida, Texas, and on the Mississippi. Traffic seems to have been his chief occupation, though for a year a small farm near Americus, Georgia, u furnished him with business.” His evidence of loyal conduct ceases with the year 1863, nor does it extend to his acts when he was in Texas and on the Mississippi.
The claimant was a voluntary resident within the insurrec- *238 tionary districts. His nearer relatives seem to liave been, all • disloyal. The fact that he did not bear arms may be dne to the fact (established in the case) that he was unfit for military service. We must reiterate the repeated ruling of this court, first enunciated in Margaret Bond's Case, (2 0. Cls. R., p. 534,) that evidence of loyalty “ must cover the entire period of the war, so that it shall appear that he ‘ never ’ gave aid or comfort to the rebellion.”
The judgment of the court is that the petition be dismissed. ■